M. A. LINAM ET AL. V. R. B. ANDERSON ET AL.

No. 123.

1. **Evidence—Ancient Instrument — Maps.**—Where a parol partition of land in controversy had been made nearly thirty years before, and the issue was as to the manner and extent of the partition. defendants introduced a deed for part of the land, executed in 1861 by one of the parties to the partition, having on its back a plat showing the land divided in a certain way, with amounts and names of the parties written thereon. From a comparison of the handwritings it appeared that the deed and plat were made by the same person and were of the same age. *Held*, that in view of the age and evident genuineness of the deed, the death of the parties, and the fact that a contemporaneous partition of some kind was made, the plat had been properly admitted in evidence, especially as it was explanatory of the deed.

2. **Parol Partition — Evidence Held Sufficient.** — Where, from long lapse of time and death of the parties, clear proof could not be made as to the ex- · act manner of a parol partition, and the action of plaintiffs' ancestors in disposing of a part of the land, and asserting no claim of further interest therein for many years, was consistent with defendants' theory of the partition upon which defendants and their ancestors appeared to have acted for nearly thirty years, and which was corroborated by a deed and plat shown in evidence, a verdict in favor of defendants should not be disturbed.

ERROR from Denton.    Tried below before Hon. D. E. BARRETT.

*Smith & Bell* and *W. C. Morgan,* for plaintiffs in error.—1. The map or plat showing a subdivision of the north half of the Patrick Rock league and labor survey, attached to and written upon the back of the deed from Margaret Rock to Mary Coward, was a private writing or memorandum, and neither constituted, in whole or in part, the basis of the pleadings in this cause, and was not admissible in evidence without first proving its execution; and there being no evidence introduced as to its execution, nor when and by whom the same was made, nor by what authority the same was placed on the back of said deed, the court erred in admitting the same in evidence, over objection of plaintiffs. Renn v. Samos, 33 Texas, 760; Abb. Trial Ev., 564.

2. The verdict was without support in the evidence, which failed to show any such agreement and partition as that claimed by defendants, and which was not sufficient even to warrant a charge of court on that theory. Austin v. Talk, 26 Texas, 127; Bigham v. McDowell, 69 Texas, 100; Andrews v. Marshall, 26 Texas, 212; Yarborough v. Tate, 14 Texas, 483; Railway v. Platzer, 73 Texas, 117; Willis v. Lewis, 28 Texas, 185; Guerin v. Patterson, 55 Texas, 124; Chandler v. Meckling, 22 Texas, 41; Moore v. Anderson, 30 Texas, 224; Wells v. Barnett, 7 Texas, 584; Rowe v. Collier, 25 Texas Supp., 252; Edmundson v. Silliman, 50 Texas, 112; Railway v. Bracken, 59 Texas, 71; Railway v. Schmidt, 61 Texas,

285; Jacobs v. Crum, 62 Texas, 404; Block v. Sweeney & Coombs, 63 Texas, 427.

*F. E. Piner* and *J. T. Bottorff*, for defendants in error.—The plat was a part of the deed, and admissible to go to the jury for whatever it was worth as evidence. Abb. Trial Ev., 697; Martind. on Convey., sec. 92.

STEPHENS, Associate Justice.—This suit involves the title to the north quarter of the Patrick Rock league and labor survey of land, situated in Denton County. The land was patented to Patrick Rock in the year 1856, by virtue of a location made long prior thereto, Patrick Rock himself having died prior to 1848. He left surviving, his widow, Margaret Rock, who died in the year 1866, and three daughters, all of whom were dead at the institution of this suit. He seems also to have left a son, who died at an early day, unmarried and without issue. Edmund Lee married one of these daughters, one Coward married another, and one Mason the third. Plaintiffs in error claim as the heirs of the wives of Lee and Coward, and the defendants claim under mesne conveyances from Mason and wife. The south half of this league seems to have passed into the hands of the locator, and there is no controversy about it.

Nearly thirty years before the trial in the court below, according to the contention of all the parties, there was a parol partition of the north half of the survey. The controversy arises upon the manner and extent of this partition. The theory of plaintiffs in error is, that the scope of the partition was limited to the undivided half-interest inherited by the three daughters from Patrick Rock, and that this undivided half-interest was divided equally between them, they taking the south half of the north half, and the surviving widow taking the land in controversy, to-wit, the north half of the north half. The theory of defendants in error is, that this verbal partition extended to the whole of the north half, and that the land in controversy was set apart to the wife of Mason and the surviving widow, to become the property of the former upon the death of the latter, and that the south half of the north half was divided equally between the other two daughters.

A deed was read in evidence, without objection, bearing date 21st day of March, 1861, from Margaret Rock to her daughter Mary, the wife of Coward, conveying by metes and bounds a strip of 375 acres running east and west across the south half of the north half of the survey, and adjacent to the south boundary line of the north quarter. A bond for title was also read in evidence, executed in 1859 by Lee and Coward to G. W. Lawler and George Wright, conveying a strip of 400 acres off the south side of the north half of the survey, leaving a strip of 375 acres between the land described in the Coward deed and in the Wright and Lawler bond, for which no conveyance seems to have been read in evidence,

though it was in proof that Lee and wife had conveyed this land to other parties many years ago.

Upon the back of the deed from Margaret Rock to Mary Coward was found a diagram, which indicated that the north half of the survey had been divided into four strips, running east and west; the south strip having written upon it " George Wright and G. W. Lawler 400 acres;" the next strip north having written upon it "Edmund Lee $375\frac{62}{100}$ acres;" and the next, "Mary Coward $375\frac{62}{100}$ acres;" and the last, "Margaret Rock $957\frac{25}{100}$ acres;" and out of the northeast corner of this strip was cut a strip marked "W. G. Nelson 200 acres." Running across all these strips from north to south, near the east boundary, was an endorsement "2000 varas;" and across the three strips marked "Wright and Lawler," "Edmund Lee," and "Mary Coward," an endorsement "1000 varas."

Plaintiffs in error objected to the introduction of this plat in evidence, and assign error upon its admission. The ground of objection, as set forth in their first proposition under the first assignment of error, was, that its execution had not been proven. This objection is amplified in the proposition with the statement that it did not constitute the basis, in whole or in part, of the pleadings in the case; and it had not been shown by whom it was made, nor by what authority it was placed on the back of the deed. The bill of exceptions was approved with this explanation, viz.: "It is apparent from a comparison of the handwritings that said deed and plat were written by the same person, and they seem to be of the same age."

It has been held in this State, that the execution of a lost deed may be proven by circumstantial evidence. Crain v. Huntington, 81 Texas, 614, and case there cited. In view of the age of the deed, its evident genuineness, the death of all the parties, and the fact of a contemporaneous partition of some kind made by the parties, we think the evidence of identity in handwriting and age of the deed and plat tended sufficiently to show that the plat must have been the work of the parties to the deed to admit it in evidence, especially as it was not in conflict with the deed, but in explanation of it. Plaintiffs in error, by requesting appropriate instructions, might perhaps have had this issue passed upon by the jury and the scope of the evidence limited, but nothing of this sort seems to have been done. This disposes of the first assignment of error.

By the third subdivision of the charge, defendants' theory of parol partition was submitted to the jury, and the verdict indicates that they found for defendants in error under that subdivision of the charge. Error is assigned upon the giving of this charge, on the ground, as submitted by the plaintiffs' proposition under the assignment, that there was not sufficient evidence to fairly raise the issue of fact to which it relates. No objection is taken to the validity or legal effect of the kind of partition submitted by the charge and passed upon by the jury.

By the third assignment, plaintiffs in error complain of the insufficiency of the evidence to support the verdict. It thus appears that these two assignments raise substantially the same question. We have carefully considered the statement of facts: and in view of the long lapse of time; of the inherent difficulty, therefore, of making clear proof of the exact manner of the parol partition; of the fact that the deed and title bond mentioned above were inconsistent with plaintiff's theory of the partition; of the further fact, that for nearly thirty years the defendants in error and those under whom they claim seem to have acted upon a theory of partition which excluded all interest in plaintiffs in error; and of the conduct of plaintiffs' ancestors in disposing of the lands allotted to them in the partition, and not asserting title to any other portion of said survey until after so great a lapse of time, we have reached the conclusion, that the settlement of this controversy by the verdict of the jury should not be disturbed.

Believing the testimony, under the circumstances, to be sufficient to support the verdict, and there being no other questions submitted for our determination, we are brought to the conclusion that the judgment must be in all things affirmed.

*Affirmed.*

Delivered March 16, 1893.