### TILLOTSON v. HILL et al. (No. 9000.)

Court of Civil Appeals of Texas. Galveston. June 14, 1927.

1. Wills ☞742—Deed of legatee after testator's death, and widow's acceptance of joint will, held effective to convey remainder interest under will.

Deed of residuary legatee, executed after testator's death, and widow's acceptance under will which spouses had executed jointly, *held* effective to convey all of legatee's interest as remainderman in property in which testator's widow was given life estate.

2. Adverse possession ☞62(3)—Adverse possession of testator's widow for 20 years under deed held to bar claim of remainderman under will which gave widow life estate.

Possession by widow of testator of property under recorded deed for period of over 20 years under claim of exclusive ownership, which was open, notorious, and hostile, *held* to bar claim of legatee under deceased husband's will, where legatee had conveyed such property and knew of adverse possession, notwithstanding widow had life estate under husband's will.

Appeal from District Court, Austin County; M. C. Jeffrey, Judge.

Suit by J. W. Hill and others against Leonard Tillotson, individually and as executor of the will of Emily V. Hill, and others. Judgment for plaintiff J. W. Hill against defendant Leonard Tillotson, individually and as executor, and in favor of all other defendants, and defendant Leonard Tillotson appeals. Reversed and rendered in part, and affirmed in part.

Searcy & Hodde, of Brenham, for appellant.
C. G. Krueger, of Bellville, for appellee Kennedy.
W. I. Hill and J. E. Edmondson, both of Bellville, for appellee J. W. Hill.
Lewis Rogers and Leon L. Mott, both of Houston, for appellee Federal Land Bank of Houston.

LANE, J. John Hill and Emily Hill, husband and wife, owners of an estate consisting of about 1,800 acres of land and a small amount of personal property, all of the estimated value of more than $150,000, made and executed their joint and mutual will, the parts of which that are material or pertinent to the issues presented by this appeal being as follows:

"Item 2. All property we own is community property and it is our mutual desire that the survivor of us shall have the control, use and revenues of all of said property for and during the natural life of each survivor whichever of us it may be. * * *

"Item 3. We hereby devise and bequeath to take effect after the death of both of us unto Thomas H. Kennedy, now a boy of about twelve years old and living with us, the following described real estate for and during his natural lifetime with remainder to his bodily heirs, if any, out of the S. F. Austin league situated upon the Brazos river in said Austin county above the town of San Felipe and below Mill Creek and bounded as follows: [Here the land is described.] * * *

"Item 6. All the remainder of our property, real, personal and mixed not disposed of in the above items, we hereby give, devise and bequeath equally among the following named eight persons to take effect after the death of the survivor of us, to wit: James H. Hill, George B. Hill, William J. Hill, Jacob W. Hill and Mrs. Georgia E. Hinsley, the children of Jacob Hill residing in said Austin county and brother of the undersigned John Hill, and to G. W. Pitts, a son of Mrs. Elizabeth Pitts, deceased, who was a sister of the undersigned John Hill, and to Henry Tillotson and Leonard Tillotson, who are nephews of the undersigned E. V. Hill, all eight of the legatees here mentioned to share and share alike.

"Item 7. We each hereby nominate and appoint the survivor of us to be the executor or executrix as the case may be of this will, during the time of such survivorship, and upon the death of the survivor, then it is our desire that N. H. Cook, Sr., act as our executor for the purpose of carrying out the provisions of this will and we hereby nominate him as such and should he die, or refuse to act, then it is our desire that W. B. Patterson, Sr., act as our executor and we hereby nominate him for that purpose.

"Item 8. It is our desire that none of the above persons named for executor or executrix of this will be required to give bond, nor shall there be any further proceedings at any time in the county court relating to our or either of our estates than the probate of this will and the filing of an inventory and appraisement of said estates."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

John Hill died January 24, 1900. Emily Hill had said joint will probated as the will of John Hill on the 10th day of February, 1900, and qualified as executrix thereunder on the same day. After the probate of said will, to wit, on July 23, 1902, Jacob W. Hill, hereinafter referred to as J. W. Hill, one of the eight devisees named in item 6 of the will, above set out, for the consideration named in his deed, conveyed to his father, Jacob Hill, all his "right, title and interest in and to the estate of John Hill, deceased." He described the thing conveyed in the deed as follows:

"All my right, title, and interest in and to the estate of John Hill, deceased, be the same real, personal, or mixed, which I, the said Jacob W. Hill, own and am entitled to under the last will and testament of John Hill, deceased, dated October 4, 1898."

James H. Hill, George B. Hill, William I. Hill, Mrs. Georgia E. Hinsley, G. W. Pitts, and Jacob Hill, to whom J. W. Hill sold his interest in the estate of John Hill, the first five named and J. W. Hill being six of the persons named in item 6 of the will, being desirous of getting immediate possession of their interest in the John Hill estate free from the life estate of Emily Hill therein, on the 6th day of July, 1903, made a proposition in writing to Emily Hill, to the effect that, if she would convey to them 1,000 acres of land, designated in their proposition, which belonged to the community estate of John and Emily Hill, they would convey to her the remainder of said estate. Mrs. Hill accepted said proposition, and to put the proposition and acceptance into force, Mrs. Emily Hill, on the 29th day of August, 1903, by her deed of that date, conveyed to the proponents jointly the said 1,000 acres of land, and that title to the whole thereof might pass to the proponents, Henry Tillotson and Leonard Tillotson, two of the devisees named in item 6 of the will, on the same day by their deed quitclaimed all their right, title, and interest in and to the said 1,000 acres of land to the proponents.

On the same day, to wit, August 29, 1903, the proponents by their deed of that date conveyed to Mrs. Emily Hill all the rest and residue of the community estate of John and Emily Hill. Their deed by which they made such conveyance contains the following recitals:

"And whereas Jacob Hill, father of said Jacob W. Hill, has acquired by purchase and deed from said Jacob W. Hill his entire interest in said property devised as aforesaid, and is now owner of same.

"And whereas we, the aforesaid and undersigned James H. Hill, George B. Hill, William I. Hill, Georgia E. Hinsley and husband, Robert Hinsley, G. W. Pitts, and said Jacob Hill, beneficiaries under said will, desire to get into possession of our shares of said property as bequeathed by said will, freed from the life estate of said E. V. Hill, to which present adjustment and settlement she has consented:

"We therefore have proposed to her to accept 1,000 acres of land now belonging to said community estate, in full or our interest in said community estate, which offer she has accepted. The land which we are to receive has, by mutual agreement, been fully designated and is described in deed of even date herewith executed by her, the said E. V. Hill, and delivered to us at time of signing and delivery of this agreement—the same being 100 acres and 530½ acres out of the lower half of S. F. Austin league in said Austin county above the town of San Felipe, and 290 acres out of the J. McFarland survey in Waller county, Texas, total 920½ acres, the balance of 79½ acres being surrendered back to said E. V. Hill by the undersigned William I. Hill, out of his one-sixth share of said 1,000 acres, in settlement of an outstanding indebtedness due by him to her.

"This instrument is intended as a receipt in full to said Mrs. E. V. Hill of all our interest in the community estate of herself and said John Hill, deceased. And in consideration of the deed and conveyance to us of the above-mentioned land, we, the said James H. Hill, George B. Hill, William I. Hill, Georgia A. Hinsley (joined by her husband, Robert S. Hinsley), G. W. Pitts, and Jacob Hill, all residents of said Austin county, have granted, sold, and conveyed, and by these presents do grant, sell, convey, and quitclaim to said E. V. Hill, also a resident of said Austin county, all the remainder of said community estate, whether real, personal, or mixed, freed from any and all interest and claims of ours herein, to have and to hold the same, together with all and singular, the rights and appurtenances thereto in anywise belonging unto the said E. V. Hill, her heirs or assigns forever."

Mrs. Hill, on said 29th day of August, 1903, took exclusive possession of said residue of said estate as her own separate estate and used the same, which was under fence. She had her deed from J. H. Hill and others duly recorded and thereafter paid all taxes due thereon from the time she took such possession up to the day of her death, which occurred on the 11th day of December, 1924.

After Mrs. Hill got her deed from J. H. Hill and others, she borrowed money, and to secure payment of same she gave a deed of trust upon a considerable portion of the land conveyed to her by J. H. Hill and others, and sold some of it to various parties, thus showing that she was claiming and holding the land as her separate estate by virtue of and under said deed.

On March 6, 1911, Mrs. Hill executed a codicil to the will executed jointly by her and her deceased husband, John Hill, the pertinent parts of which are as follows:

"Now I, Emily V. Hill, a resident of said state and county, do by this instrument in writing, which I hereby declare to be a codicil to my said will, and to be taken as a part thereof, change portions of said will so far as my one-half of the property is therein mentioned or referred to, is concerned and designate and declare said change to be as follows:

"Item 2. I do hereby revoke, annul and declare for naught the provision of said will as disclosed by items four and six of the same, so

far as the said will makes any devise or bequest of my one-half of the community estate therein mentioned or any portion of the same to the following named residuary legatees named in item six of said will, to wit: James H. Hill, George B. Hill, William I. Hill, Jacob W. Hill, Mrs. Georgia Hinsley (the children of Jacob Hill, a brother of John Hill, deceased) and G. W. Pitts, a son of Mrs. Elizabeth Pitts, deceased, who was a sister of John Hill, deceased, and J. H. Tillotson, a son of my deceased sister, Mary Tillotson."

She then, by said codicil, willed to J. H. (Henry) Tillotson the sum of $10,000 and to Leonard Tillotson all the rest of her property, making Leonard Tillotson executor. As already stated, Mrs. Hill died December 11, 1924. On February 17, 1925, Leonard Tillotson, as executor, filed petition in the county court of Austin county to have the aforesaid original will and codicil thereto of Mrs. Hill probated.

J. W. Hill, appellee, George B. Hill, Mrs. Georgia E. Hinsley and husband, R. S. Hinsley, and W. I. Hill, four of the persons named in item 6 of said joint will, and others whose names are not necessary to be here mentioned, appeared and resisted the probate of the codicil of Mrs. Hill as a part of the will, and asked that the original be probated.

Upon hearing, the county court admitted the original will and the codicil together to probate as the last will of Mrs. Hill. From the judgment admitting the will to probate, appellee J. W. Hill and others appealed to the district court of Austin county, where, upon hearing, the will and codicil were again admitted to probate as the last will of Mrs. Hill; that is, the original will as modified by the codicil. The judgment of the district court was not appealed from, set aside, or in any manner modified.

This suit was filed in 1925 by J. W. Hill, W. I. Hill, and others against Leonard Tillotson, individually and as executor of the will of Mrs. Emily Hill, Henry Tillotson, Lucille Kennedy, Thomas Kennedy, and a number of others who had purchased land from Mrs. Hill and Leonard Tillotson, executor.

The plaintiff J. W. Hill claimed to be the owner of one-eighth of the land and personal property owned by John and Emily Hill at the time of the death of John Hill. The property is described in exhibits attached to plaintiff's petition. J. W. Hill asked for judgment of one-eighth of said property and a partition thereof. All the plaintiffs claimed a contingent remainder in the land bequeathed to Tom Kennedy under said wills, and asked for a construction of the wills on this point. The amended petition contained a number of prayers in the alternative, none of which are material in view of the judgment rendered.

The defendant Leonard Tillotson filed a plea in abatement for misjoinder of parties and causes of action. This plea was sustained as to all of the plaintiffs, except J. W. Hill. The defendant Leonard Tillotson, for himself and as independent executor under the last will of Emily V. Hill, answered by general and special exceptions, general denial, and plea of not guilty; that the will of Emily V. Hill as modified by the codicil thereto had been probated in the county court of Austin county, and on appeal to the district court of Austin county was again probated; that no appeal had been taken from the judgment probating this will, nor had any suit been brought to set aside any of the provisions of this will, as probated; that the will and codicil of Emily V. Hill, which was duly probated, revoked the legacies given to J. W. Hill, the appellee, his brothers and sisters; that the judgment admitting the original will and codicil of Emily V. Hill to probate was final and conclusive, could not be attacked or called in question in a collateral proceeding.

Leonard Tillotson, for himself and as executor under the will of Emily V. Hill, also pleaded estoppel; the statutes of 2, 4, 5, and 10 years' limitation; that the will of Mrs. Hill as changed by the codicil gave Henry Tillotson $10,000, and all the rest of the property to Leonard Tillotson; that, by reason of the will and codicil thereto of Emily V. Hill, Leonard Tillotson was the owner of the property sued for, and the plaintiff J. W. Hill had no interest therein, and requested the court to submit the case to the jury on special issues.

Ignoring all the defenses set up by the defendant Leonard Tillotson, and assuming the appellee J. W. Hill to be the owner of the property sued for, the court submitted the cause to the jury upon special issues, in answer to which the jury found: First, that the value of the 1,000 acres of land conveyed by Mrs. Hill to J. H. Hill and others by her deed of August 29, 1903, was on the 11th day of December, 1924, the date of the death of Mrs. Hill, $100,000; second, that the value of the 445½ acres of land, the home tract, on December 11, 1924, including improvements, was $30 per acre; third, that the lands which had been owned by the estate of John and Emily Hill, other than the 1,000 acres and the 445½ acres above mentioned, and the 300 acres bequeathed to Thomas H. Kennedy, was worth on the 11th day of December, 1924, $100 per acre; fourth, that the value of the personal property which belonged to John and Emily Hill at the time of the death of John Hill was $18,500; fifth, that said personal property at the time of the death of Emily Hill was worth $2,700.

Upon the findings of the jury and the facts above stated, judgment was rendered, decreeing that W. I. Hill and all others seeking recovery against Thomas and Lucille Kennedy take nothing by their suit. The judgment was in favor of all defendants except Leonard Tillotson individually and as executor. Judgment was in favor of J. W. Hill, and is as follows:

"It is further adjudged and decreed by the court that the plaintiff J. W. Hill is entitled out of the community land belonging to the estate of John Hill and E. V. Hill, both deceased, in value, to the sum of $9,616.56.

"It is further ordered that partition of the 445½ acres of land out of the S. F. Austin league in Austin county, Tex., above described and which is a part of the community estate, be and the same is to be partitioned between the plaintiff J. W. Hill and the defendants Leonard Tillotson, Richard Hammermueller, William Schaare, and the Citizens' State Bank of Sealy, Tex., and Henry Tillotson, commissioners of partition appointed by the court and hereinafter named so that J. W. Hill shall have and receive first out of the land remaining unsold out of said 445½ acres above described enough land in value to equal the sum of $9,616.56, but if, out of the unsold part of said 445½ acres of said land, there is not enough land to equal in value the sum of $9,616.56, then the said commissioners of partition shall take the land sold to William Schaare by said defendant Leonard Tillotson, out of said 445½ acres above described, or so much thereof as will together with the unsold part of the said 445½ acres, equal in value the sum of $9,616.56, but if that should be insufficient to equal in value the sum of $9,616.-56, then said commissioners of partition shall take so much of the land sold to Richard Hammermueller by said defendant Leonard Tillotson out of said 445½ acres of land hereinabove described or so much thereof as will together with said unsold portion of said 445½ acres and the land sold to William Schaare by Leonard Tillotson out of said 445½ acres equal in value to the sum of $9,616.56."

Leonard Tillotson, for himself and as executor of Emily Hill, has appealed from the judgment rendered in favor of J. W. Hill.

For a disposition of the pertinent and material issues presented by this appeal it is only necessary to answer two questions, either of which, if answered in the affirmative, will require at our hands a reversal of the judgment appealed from and the rendition of a judgment in favor of appellant. These questions are:

(1) Did the deed of J. W. Hill by which he conveyed all his right, title, and interest in the estate of John Hill to his father, Jacob Hill, convey all his right, title, and interest in the common estate of John Hill and Emily Hill, as the same existed by reason of the joint will of said John and Emily Hill?

(2) Was the suit of J. W. Hill barred by either of the statutes of limitation of 2, 4, 5, and 10 years, pleaded by the appellant, Tillotson?

[1] We think both of these questions should be answered in the affirmative. The estate of John Hill by reason of the joint will of himself and wife, the terms and provisions of which the wife accepted after the death of the husband, extended to the whole of the community estate. By that will and the act of Mrs. Hill in accepting its provisions after the death of John Hill, title to all of said estate passed to the beneficiaries named therein after the death of John Hill, subject to the life estate of Mrs. Hill, which they could lawfully dispose of. J. W. Hill, in his deed to his father, Jacob Hill, described the property or thing sold as:

"All my right, title, and interest in and to the estate of John Hill, deceased, be the same real, personal, or mixed, which I, the said Jacob W. Hill, own and am entitled to under the last will and testament of John Hill, deceased, dated October 4, 1898."

By the conveyance of Jacob Hill, to whom J. W. Hill conveyed all his right, title, and interest in the estate of John Hill, joined by James H. Hill, G. W. Pitts, G. B. Hill, G. E. Hinsley and her husband, R. S. Hinsley, and W. I. Hill, all interest in the community property belonging to the estate of John and Emily Hill owned by said parties, except 1,000 acres conveyed by Mrs. Hill to them, became the separate property of Mrs. Hill and could be disposed of by her by deed or will as she saw fit.

[2] If we be mistaken in the conclusions above stated, we further conclude that J. W. Hill is not entitled to the judgment rendered in his favor, in that the undisputed evidence shows that Mrs. Emily Hill, after the execution of the deed from Jacob Hill, James H. Hill, and others, held peaceable and adverse possession of the 445½ acres involved in this suit under such deed, which was duly recorded, for more than 5 years and for more than 10 years, and that she paid all taxes due thereon as they accrued during such period. While it is true that Mrs. Hill, from the time of the death of John Hill, held possession of the 445½ acres up to the 29th day of August, 1903, from that time up to the date of her death in 1924 she held peaceable and adverse possession under the deed of J. H. Hill and others, claiming and dealing with the same as her separate estate. Such possession, claim, and dealings were known to J. W. Hill for more than 20 years before he brought this suit. Under such circumstances his cause of action was clearly barred by the statute of limitation pleaded by appellant, Tillotson. The acts of Mrs. Hill in dealing with this land after receiving her deed from J. H. Hill and others were open, notorious, hostile acts, indicating an exclusive claim as against the world.

In Crump v. Andress, 278 S. W. 422, opinion by Commission of Appeals and approved by the Supreme Court, it is held that, where one beginning possession under homestead claim asserts title by adverse possession under independent claim, and does such acts as would indicate hostility, and such acts are directly or otherwise brought home to the attention of those adversely interested, the statute of limitation will be put in motion; the court saying:

"It is true that a widow has the right of possession under her homestead claim. But there is no law in our state which says that she may not, at her pleasure, repudiate such possession and base her continued possession thereafter

upon some independent title. She paid $400 of her own insurance money in 1876, two or three months after her first husband's death, for the deed from Mary N. Clements. She took the deed in her own name. Not only so, but she recorded it immediately. Not only that, but there is evidence in this record that she told her three children by J. P. Clements, on repeated occasions, that she was in possession by virtue of this deed. In other words, there is evidence that she told these children her intention in buying this independent title. When she did so, she abandoned her right to possess this land under her homestead claim. It was the duty of those claiming the J. P. Clements title at that time to sue her for possession. They could, in that way, have ousted her from possession if the Mary N. Clements title should have proven to be inferior to theirs. A suit of that kind, promptly brought, would have settled the issue as to which of these titles was superior. But, after waiting all these years, many more than 10 years, those claiming the J. P. Clements title lost it by limitation, provided, of course, the jury had found in this case, under proper instructions, that the widow was claiming possession solely by virtue of her deed from Mary N. Clements, and had brought notice of such claim home to those adversely interested."

The negotiations leading up to the exchange of deeds between J. H. Hill and others on one side and Mrs. Emily Hill on the other, by which the 445½ acres of land involved was conveyed to Mrs. Hill, together with the acts of Mrs. Hill in selling and mortgaging parts of the land conveyed by the deed delivered to her, and other acts clearly indicated that she was, after accepting such conveyance, claiming possession solely by virtue of such deed and not as a life tenant by virtue of the aforesaid joint will.

That J. W. Hill had, for more than 10 years prior to filing his suit, known of the matters and things next above stated, is shown by indisputable evidence. What we have said renders unnecessary a discussion of other contentions presented by appellant for a reversal of the judgment.

For the reasons above expressed, so much of the judgment of the trial court as is in favor of appellee Jacob W. Hill is reversed, and judgment is here rendered that said Jacob W. Hill take nothing by his suit. The remainder of the judgment of the trial court is undisturbed and is in all things affirmed.

Reversed and rendered in part; affirmed in part.