**O'CONNELL v. JOHNSON et al.**

**No. 10641.**

Court of Civil Appeals of Texas. Galveston.

Nov. 10, 1938.

Rehearing Denied Dec. 8, 1938.

Charles Yeamans, of Bay City, and Russell Scott and Fahey & Cooper, all of Houston (Pat N. Fahey, of Houston, of counsel), for appellant.

Vinson, Elkins, Weems & Francis, of Houston, and Arthur Harris and W. E. Davant, both of Bay City (C. M. Hightower, of Houston, of counsel), for appellees.

W. E. MONTEITH, Special Commissioner.

This is a suit in form of trespass to try title brought by appellant, Nora E. O'Connell, against defendants, appellees here, Sallie Johnson, William Henry, and Skelly Oil Company, to recover a one-twelfth undivided interest in 72 acres of land in the Maria Cummin's League Survey in Matagorda County, Texas.

Appellees, Sallie Johnson and Skelly Oil Company, pleaded not guilty and the several statutes of limitation. They defended particularly under the five and ten year statutes, Vernon's Ann.Civ.St. arts. 5509, 5510.

The trial, without the intervention of a jury, resulted in judgment for appellees for the title and possession of the land in controversy.

The facts necessary for an understanding of the issues involved in this appeal are as follows:

W. P. Johnson and Mary Ann Johnson, the father and mother of appellant, Nora E. O'Connell, were married in 1872 and moved on the 72 acres in controversy in 1892 or 1893, under the mistaken impression that they were living on a 200-acre tract of land that had been conveyed to Mary Ann Johnson by her parents. They discovered soon thereafter that they were not living on said land. On November 22, 1892, they purchased 45 acres of said 72 acres of land from F. A. Mensing, the deed being taken in the name of William Perkins Johnson, and on May 3, 1893, they purchased 27 acres of said 72 acres of land from A. H. Pierce, the deed being taken in the name of W. P. Johnson. Mary Ann Johnson died on January 9, 1905, leaving surviving her husband and six children, including appellant, Nora E. O'Connell. She left a will which was duly probated, leaving all of her property, share and share alike to her six children. Appellee, Sallie Johnson, was married to W. P. Johnson on March 6, 1905. W. P. Johnson died on April 4, 1928, leaving a will in which he bequeathed all of his property to Sallie Johnson, naming her independent executrix therein. Sallie Johnson qualified as such executrix, said will was duly probat-

ed, and she filed an inventory and appraisement in which she listed the 72 acres of land in controversy as part of the assets of said estate. On May 19, 1932, appellee, Sallie Johnson, executed an oil and gas lease covering the 72 acres of land in controversy to E. W. Turner, and said leasehold interest passed by a regular chain of mesne conveyances into appellee, Skelly Oil Company. Taxes on said 72 acres of land were paid before they became delinquent for the years 1902 to 1917, inclusive, for the years 1918 to 1928, inclusive, and for the years 1929 to 1934, inclusive. By deed dated April 6, 1911, the six children of W. P. and Mary Ann Johnson, including the husband of appellant and the husband of one other married daughter, conveyed the 72 acres of land in controversy to William P. Johnson. This deed was acknowledged by all grantors with the exception of appellant, Nora E. O'Connell, and was filed for record in the deed records of Matagorda County on July 26, 1911.

It is the contention of appellant, Nora E. O'Connell, that there was never a repudiation by W. P. Johnson of his homestead claim to the 72 acres of land in controversy, or an assertion of an independent title to appellant's undivided interest in said land inconsistent thereto; that W. P. Johnson did not own appellant, Nora E. O'Connell's, undivided interest in said land at the time of his death, and that therefore the title to said land could never pass under his will, nor did any right to prescribe under the deed to W. P. Johnson of April 6, 1911, pass under his will. Appellant further contends that W. P. Johnson and Mary Ann Johnson acquired title to said 72 acres of land by limitation, and that therefore their title being an equitable one, the burden of proof on the issue of innocent purchaser was upon appellee, Skelly Oil Company.

Appellee, Sallie Johnson, contends that by the acquisition and placing of record of the deed of 1911 by W. P. Johnson he not only acquired the title to said 72 acres of land, but that said action on his part indicated the assertion of a title inconsistent with his homestead privilege; that he matured title to appellant, Nora E. O'Connell's, undivided interest therein under the five and ten years statutes of limitation; that said title passed to appellee, Sallie Johnson, under his will, and that an independent title matured in Sallie Johnson under the five and ten years statutes of limitation.

Appellee, Skelly Oil Company, relied upon the five and ten years statutes of limitation and contended particularly that, being an innocent purchaser of the legal title from W. P. Johnson, the burden of proof was on appellant, Nora E. O'Connell, to establish the contrary, and that since said appellant did not offer to discharge this burden, the trial court having so found, it is additionally protected as a bona fide purchaser.

The trial court found as facts that it was the purpose and intention of W. P. Johnson, in obtaining the deed dated April 6, 1911, and of placing it of record, to renounce, repudiate, and terminate any homestead status he had had in the one-half undivided equitable interest of his six children in said 72 acres of land in controversy, and that he did renounce, repudiate, and terminate such homestead rights and interest in said land after obtaining and recording said deed; that coincident with receiving said deed he based his claim to own, occupy, use and possess all of said land under said deed, and that as to future use, possession, occupation and claim of said land, he regarded said deed as an independent title. The trial court further found that the appellant, Nora E. O'Connell, had actual knowledge that W. P. Johnson was claiming an independent title to said property, inconsistent with any homestead right he had theretofore enjoyed, hostile and adverse to her claim of ownership to an undivided one-half interest therein, and that at the time he presented said deed to plaintiff for her signature he gave her notice that he would thereafter set up an independent title and claim to said property, inconsistent with any homestead privilege, and hostile to her undivided equitable interest therein; that after obtaining said deed to the property, W. P. Johnson made substantial and permanent improvements thereon, and that up to the time of his death he and his wife, Sallie Johnson, had exclusive use, possession, and occupancy of same, and that he was claiming same adversely against the world; that his claim was so open and notorious as to charge the world, including the appellant, Nora E. O'Connell, with his adverse claim thereto, and that she had knowledge thereof. The court further found that W. P. Johnson died testate on the 4th day of April, 1918, leaving appellee, Sallie

Johnson, sole devisee under his will, and that she, as independent executrix under said will, listed the 72 acres of land in controversy in the inventory and appraisement of his estate as his sole and separate property, and that after the death of W. P. Johnson she, the said Sallie Johnson, appellee herein, remained in exclusive possession and control of said 72 acres of land, occupying, using and enjoying it as such sole devisee, and paying the taxes thereon. The trial court further found that the deeds from F. A. Mensing and A. H. Pierce vested the legal title to said property in W. P. Johnson, subject to the equitable title to an undivided one-half thereof in Mary Ann Johnson; that any title that appellant, Nora E. O'Connell, had in said property was an equitable one, and that she failed to discharge the burden of proof showing that E. W. Turner or his assigns, including appellee, Skelly Oil Company, had notice of her equitable title, or that he did not pay a valuable consideration therefor.

■ This case having been tried without the intervention of a jury and there being ample evidence in the record to support the findings of fact of the trial court they have the same force and effect of a verdict of a jury on the facts found and must be accepted by this court as true. Cook v. Mann et ux., Tex.Com.App., 40 S. W.2d 72; Leonard v. Torrance, Tex.Civ. App., 210 S.W. 295; 41 Tex.Jur., sec. 399.

■ Under the above findings of fact the conveyance to W. P. Johnson by the heirs of Mary Ann Johnson of the land in controversy by the instrument purporting to pass the entire title in severalty and not merely grantors' interest, when followed by use and occupancy and by grantee's claiming under such deed, under actual and exclusive possession, when accompanied by actual notice to the co-tenant who did not acknowledge said deed, amounts to a disseisin of said co-tenant, in this instance appellant, Nora E. O'Connell; and, since such possession by the said W. P. Johnson continued for the statutory periods, with the payment of taxes before they became delinquent, his possession ripened into title under both the five and ten years statutes of limitation, and it was the duty of the trial court to conclude as a matter of law that W. P. Johnson had matured and ripened a limitation title against appellant, Nora E. O'Connell's, un-

divided one-half interest in the said 72 acres of land in controversy under both the five and ten years' statutes of limitation. Jones et al. v. Siler et al., 129 Tex. 18, 100 S.W.2d 352; Olsen v. Grelle, Tex.Com. App., 228 S.W. 927; McBurney v. Knox, Tex.Com.App., 273 S.W. 819; Welch v. Armstrong, Tex.Civ.App., 62 S.W.2d 335; Long v. McCoy, Tex.Civ.App., 294 S.W. 633; Crump v. Andress et al., Tex.Com. App., 278 S.W. 422.

■ Under the findings of the trial court the title to the equitable interest of appellant, Nora E. O'Connell, in the 72 acres of land in controversy had vested in W. P. Johnson at the time of his death, and the right to prescribe under the deed from the heirs of Mary Ann Johnson passed to appellee, Sallie Johnson, under the will of W. P. Johnson. McLavy v. Jones, 31 Tex.Civ.App. 354, 72 S.W. 407, writ refused; Honea v. Arledge, 56 Tex. Civ.App. 296, 120 S.W. 508; Tillotson v. Hill et al., Tex.Civ.App., 297 S.W. 603.

The contention of appellee, Skelly Oil Company, to the effect that it is an innocent purchaser of the legal title of W. P. Johnson, and that the appellant, Nora E. O'Connell, had not offered to discharge the burden of proof to the contrary, is sustained by the findings of the trial court.

Finding no error in the record, the judgment of the trial court has been affirmed.

Affirmed.

Opinion adopted by the Court.

### On Motion for Rehearing.

W. E. MONTEITH, Special Commissioner.

We have carefully considered appellant's motion for a rehearing in this cause. In connection therewith and in response to appellant's request therefor, we correct our findings of fact, so that the first seven lines thereof shall read as follows: "W. P. Johnson and Mary Ann Johnson, the father and mother of appellant, Nora E. O'Connell, were married in the month of May, 1871, and moved on the 72 acres in controversy in the year 1877, under the mistaken impression that they were living on the 200-acre tract of land that had been conveyed to Mary Ann Johnson by her parents. They lived on said land, under such mistaken belief, until 1892 without deed of conveyance."

This correction, however, in no way affects the final determination of this cause as embodied in our former opinion. Motion for a rehearing is refused.

Refused.

Opinion adopted by the Court.