### CRUMP et al. v. ANDRESS et al. (No. 83.)

(Court of Civil Appeals of Texas. Waco. Oct. 23, 1924. Rehearing Denied Nov. 20, 1924.)

**1. New trial ⬤⟶29—Refusal to grant new trial because of argument of counsel in reply to similar argument by opposing counsel not abuse of discretion.**

In suit for land, refusal to grant new trial because of argument of plaintiffs' counsel provoked by and in reply to argument of opposing counsel *held* not abuse of discretion of trial court.

**2. Homestead ⬤⟶143—Widow has right to occupy homestead of her husband during life.**

Where at time of marriage husband was in possession of land as separate estate, at his death widow had right to occupy homestead during lifetime, and it could not be partitioned nor her occupancy thereof disturbed by children of her husband.

**3. Life estates ⬤⟶8—Adverse possession does not begin to run against children as to homestead of father until death of mother or abandonment of homestead by her.**

Where widow had right to occupy homestead in land belonging to separate estate of husband during her lifetime, adverse possession did not begin to run against children of husband until widow's death or abandonment of homestead or commission of some act hostile to them.

**4. Life estates ⬤⟶8—Deed from uninterested party and fact widow claimed homestead not sufficient to start limitations against children.**

Deed to widow from one not shown to have interest in land constituting separate estate and homestead of deceased husband, coupled with fact that widow claimed land as hers during occupancy, was not sufficient to start limitation against children of deceased husband.

**5. Life estates ⬤⟶8—Statement by life tenant property is his not sufficient to require remainderman to sue.**

Mere statement by life tenant that property is his is not sufficient to require remainderman to sue to determine title.

**6. Homestead ⬤⟶181½—On temporary abandonment without acquiring another homestead, question of abandonment is for jury.**

Where person leaves homestead temporarily to educate children or for any other purpose, and does not acquire homestead elsewhere, whether homestead was in fact abandoned is question of fact for jury.

**7. Judgment ⬤⟶686, 714(1)—Refusal to admit in evidence pleadings and judgment in another suit not error.**

In suit for land, refusal to admit in evidence pleadings and judgment in cause against plaintiffs' father, to which plaintiffs were not made parties after his death, and judgment in which did not dispose of land sued for, was not error.

Appeal from District Court, McLennan County; James P. Alexander, Judge.

Action by S. D. Andress and others against E. M. Crump and others. From judgment for plaintiffs, defendants appeal. Affirmed.

Bryan & Maxwell and S. E. Stratton, all of Waco, for appellants.

Sleeper, Boynton & Kendall, W. H. Jenkins, and John B. McNamara, all of Waco, for appellees.

BARCUS, J. In 1869 J. P Clements purchased the 200 acres of land in controversy and occupied same as his home. In 1870 he married Mattie Martin, and from this union were born three children, Stella Clements, the mother of Mrs. Andress, one of the appellees herein, T. E. Clements, who married Ethel Clements and afterwards died, leaving his property to his wife, Ethel, who is one of the appellees herein, and J P. Clements, Jr., who died in 1907, intestate, unmarried and without issue. J. P. Clements and his family occupied the 200 acres in controversy until his death, and his wife, Mattie Clements, and her children continued to occupy same until 1881, at which time Mattie Clements married T. B. Crump and they continued to occupy the land as their home until 1888, when T. B. Crump died There were born to Mattie Clements Crump and T. B. Crump three children, Finny, Eugene, and E. M. Crump.

After J. P. Clements died in 1875, there was conveyed by S. H Renick 350 acres of land known as the Sprague tract to J. P. Clements' three children, Stella, J. P. Clement, Jr., and T. E. Clements, for a recited consideration of $3,800 paid. After the death of T. B. Crump, Mrs. Crump and her children and aged father moved to the Sprague land, the title to which stood in the name of her children by J. P. Clements. She remained on the Sprague tract for about five years, and in about 1896 she moved back to the 200 acres in controversy In 1898 she married S. H. Crump, and they continued to occupy the land as their homestead until 1920, when she and S. H Crump left the 200 acres of land and moved onto a tract owned by S. H. Crump. In 1921 Mattie Clements Crump conveyed by warranty deed the 200 acres to appellant E. M. Crump.

When Mrs. Mattie Crump abandoned the 200 acres as her home in 1920 and conveyed same to E. M. Crump, appellees brought this suit for the land, claiming same as the chil-

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

dren of J. P. Clements. After the suit was brought Mattie Crump died and the executor of her will was made a party defendant.

The question involved is as to whether appellees, as the heirs of J. P Clements, are entitled to the property, or whether the property belonged to Mattie Crump, his wife, and through her descended by deed and will to her children by T. B. Crump. Appellant claims the title to the property as the heir of Mattie Clements Crump and also by limitation and by deed from Mattie Crump. The cause was tried to a jury, and the court submitted only the following issue:

"Did Mrs. Mattie Crump, at the time she moved off of the 200-acre tract onto the Sprague tract, or at any time while she was living on the Sprague tract, have the fixed intention of never returning to and living on the 200-acre tract as a home?"

To which the jury answered, "No," and based upon said verdict and other findings by the court, the court entered judgment for the appellees for $32/_{42}$ of the land and for $32/_{42}$ of $2,400 rent for the years 1922 and 1923, from which E. M. Crump has appealed.

[1] Appellant complains of the trial court's refusal to grant a new trial because of statements made by counsel for appellees in his closing argument to the jury. Appellees' counsel in his closing argument discussed the question of limitation, and ridiculed appellants for pleading so many different kinds of limitation; and he discussed the fact that under the will of Mattie Crump she attempted to give all of her property to appellant E. M. Crump, and that E. M. Crump was trying to hold same with a despotic hand, and in an ironical way discussed the generosity of Earle's mother, Mattie Crump, in giving him, or attempting to give him, all the land. The argument was timely excepted to by counsel for appellant on the ground that it was prejudicial and not pertinent or germane to any issue submitted by the court. The trial court approved the bills of exception, with the qualification that counsel for appellant in his argument had discussed the same questions and that appellees' argument was provoked by and in reply to the remarks as made by appellant's counsel. We do not think the trial court abused its discretion in refusing to grant appellant a new trial. Argument by counsel which has been provoked by the argument of the opposing counsel or in reply thereto should not cause a reversal of the judgment. I. & G N. Ry. Co. v. Sandlin, 57 Tex. Civ. App. 151, 122 S. W. 60; Panhandle & S. F. Ry. Co. v. Huckabee (Tex Civ. App.) 216 S. W 666; City of Lubbock v. Bagwell (Tex. Civ App.) 206 S. W 371

[2-5] Appellant complains of the trial court's refusal to give a peremptory instruction to return a verdict for him. Appellant claims that the undisputed evidence showed that the title to the property belonged to Mattie Crump, both by deed of purchase and by limitation. After the death of J. P. Clements, Mary N. Clements conveyed by warranty deed the 200 acres in controversy to Mattie Crump, reciting the consideration as $400 paid by Mattie Clements and other valuable considerations, and described the 200 acres of land as being the same 200 acres reserved as a homestead by J. P Clements in a certain deed of trust executed in 1873. That deed was dated December 31, 1875, and recorded in January, 1876; J. P. Clements having died in October, 1875. Counsel for appellant recognize the rule that a life tenant cannot plead limitation on account of possession as against remainderman, but they contend that the rule does not apply in this case for the reason that Mrs. Crump purchased the property from Mary E. Clements in 1875 and put her deed on record, and that same was notice to the children of J. P. Clements by her that she was claiming all of the land in her own right. It was an established fact that Mattie Crump did for a long number of years prior to her death in 1922 claim that she owned said 200 acres of land, and made that statement in the presence of the children of J. P. Clements and to a number of people in the neighborhood. J. P. Clements, at the time of his marriage, was in possession under warranty deed of the 200 acres of land in controversy as his separate estate. Under the law, at his death his widow had a right to occupy the homestead during her lifetime, and same could not be partitioned nor her occupancy thereof be disturbed by the children of her husband J. P. Clements. Perkins v. Perkins (Tex. Civ App.) 166 S. W. 915; Cook v. Caswell, 81 Tex. 678, 17 S. W. 385, Meurin v. Kopplin (Tex. Civ. App.) 100 S. W. 984. Adverse possession does not begin to run against the children until the wife's death or until she abandons the home. Beaty v Clymer, 32 Tex. Civ. App 322, 75 S. W 540; Kesterson v. Bailey 35 Tex. Civ App. 235, 80 S W 97. The deed from Mary N. Clements, who was not shown to have any interest in the land, to Mattie Clements, coupled with the fact that Mattie Clements Crump claimed the land as hers during the time she occupied same as a homestead, was not sufficient to start limitation against the children of her first husband, J. P Clements. Until she abandoned the homestead or did some act hostile to them, the children could not sue for any interest therein. A mere statement by a life tenant that the property is his is not sufficient occasion for the remainderman to institute a suit to determine title.

[6] Appellant contends that the verdict of the jury on the question submitted is not supported by the testimony. There was a great deal of testimony offered with reference to Mrs. Crump having moved from the 200 acres in controversy to the Sprague farm, which belonged to her children by J. P. Clements. There was testimony offered

which tended to show that she only moved to the Sprague farm temporarily, for the purpose of being near a doctor by reason of her father being old and in very delicate health, and to be near a school where she could send the children, and testimony was offered which tended to show that she at all times claimed the 200 acres as her home. Without giving the testimony in detail, we think the evidence was sufficient to raise the issue and sufficient to support the finding of the jury that she never abandoned the 200 acres as her homestead. Where a person leaves the homestead temporarily, for the purpose of educating the children or for any other purpose, and does not acquire a homestead elsewhere, it becomes a fact for the jury to determine as to whether a homestead has been in fact abandoned. Aultman & Co. v. Allen, 12 Tex. Civ. App. 227, 33 S. W. 679; Thomas v. Williams, 50 Tex. 269; Foreman v. Meroney, 62 Tex. 723.

[7] Appellant complains of the action of the trial court in refusing to permit him to offer in evidence the pleadings filed in the cause of Mary N. Clements against J. P. and Mattie Clements in 1875, and the judgment rendered in said cause. It appears from said pleadings and judgment tendered that Mary N. Clements, before the death of J. P. Clements, filed suit in the district court of McLennan county for a large tract of land, and embraced therein was the 200 acres in controversy herein. After the death of J. P. Clements, his heirs and administrator were not made parties to the litigation, and the judgment rendered in said cause did not in any way affect or dispose of the 200 acres in controversy herein. We do not think there was any error on the part of the court in excluding the testimony. Same could not be binding on appellees, since neither they nor any one representing their interests were parties to the suit.

We have examined all of the assignments of error of appellant and do not think they show reversible error.

The judgment of the trial court is affirmed.

GALLAGHER, C. J., took no part in the decision of this case.