ANDRESS et al. v. CRUMP et al. (No. 616.)

Court of Civil Appeals of Texas. Waco.
Jan. 3, 1929.

Rehearing Denied Jan. 24, 1929.

W. H. Jenkins, John B. McNamarra, and James P. Alexander, all of Waco, for appellants.

Bryan & Maxwell and Sam Dardnne, all of Waco, for appellees.

BARCUS, J. This is the second appeal of this case. For former opinions, see Crump v. Andress, affirmed by this court 265 S. W. 1074, and reversed by the Supreme Court 278 S. W. 422. The suit involves the title to 200 acres of land which was originally claimed by J. P. Clements. In 1870 he married Mattie Martin, and they occupied the land as their homestead. To them were born three children. In October, 1875, J. P. Clements died, and his widow and children continued to occupy said 200 acres. At the time of J.

P. Clements' death, a suit was pending in the district court of McLennan county by Mary N. Clements against J. P. Clements for a large tract of land which embraced the 200 acres. In January, 1876, this suit was compromised in so far as the 200 acres was affected, and Mary N. Clements executed a deed to same to Mattie Clements, wife of J. P. Clements, for a recited consideration of $400 paid, and said deed was promptly filed for record. In 1881, Mrs. Clements married T. B. Crump, and they lived on the land until 1888, when Mr. Crump died. There was born to Mr. and Mrs. T. B. Crump three children. In January, 1876, a 350-acre tract of land known as the Sprague tract was conveyed to the three children of J. P. Clements for the recited consideration of $3,800. About 1890, after the death of T. B. Crump, Mrs. Crump, with her six children, three by Clements and three by Crump, moved to the Sprague land, where she lived for about five years. In about 1896 she moved back to the 200-acre tract, and in 1898 she married her third husband, S. H. Crump. They lived on the 200 acres of land until 1920, and at that time she and S. H. Crump moved onto a tract owned by S. H. Crump. In 1921 Mrs. Crump conveyed the 200 acres to her son E. M. Crump. After said deed was executed, appellants, who are the heirs of the children of J. P. Clements, brought this suit, claiming that the property was the separate estate of J. P. Clements and that they, by reason of being his heirs, were entitled thereto.

The cause was tried to a jury, submitted on a number of issues, and resulted in a verdict for appellees. The jury found that Mrs. Mattie Clements Crump, at the time she moved off of the 200-acre tract onto the Sprague tract about 1890, had the intention not to return to said property as a homestead, and did thereby abandon same as her homestead. The jury further found that she had for more than ten years claimed to hold title and possession of the 200 acres of land solely by reason of the purchase of said land from Mrs. Mary N. Clements in 1876, and that said claim of ownership was brought to the knowledge of the children of J. P. Clements, deceased, in 1894. The jury further found that Mrs. Mattie Clements Crump and her children by J. P. Clements made a parol partition of their real estate; that by said parol agreement Mrs. Crump released her interest in the Sprague tract to said children, and they released their interest in the 200-acre tract to her. Based upon the findings of the jury, the trial court entered judgment denying appellants any recovery.

By their first group of assignments and propositions thereunder, appellants contend that there was no evidence authorizing the trial court to submit to the jury the issue as to whether Mrs. Crump, about 1890, aban-

doned the 200-acre tract as her homestead. We overrule these assignments. We think the evidence was abundantly sufficient to authorize the submission of this issue to the jury.

█ Appellants, by their second group of assignments, contend that the evidence was not sufficient to authorize the trial court to submit the issue to the jury as to whether there was a parol partition of the land between Mrs. Crump and her children by J. P. Clements, under the terms of which she was surrendering her claim to the Sprague tract and said children were surrendering their claim to the 200-acre tract. The evidence on this question is practically the same as on the former trial, and the Supreme Court held that it was sufficient to raise said issue and that it was error for the trial court on the former trial to refuse to submit said issue to the jury for its determination. Crump v. Andress (Tex. Com. App.) 278 S. W. 422. We therefore overrule said assignments.

█ Appellants, by their third and fourth groups of assignments and propositions, contend that the trial court committed error in permitting the witnesses E. M. Crump and F. W. Crump to testify to statements made to them by Mrs. Mattie Clements Crump, to the effect that she had put $1,300 of her money into the Sprague land and owned that much interest therein; the objection to said testimony being that same were self-serving declarations on the part of Mrs. Crump. It is not clearly shown by the record when these statements were made, the witnesses stating that those statements by Mrs. Crump were made to them at different times in the presence of the children of J. P. Clements. Almost this identical question was involved in the case of Conroy v. Sharman, 63 Tex. Civ. App. 482, 134 S. W. 244 (error denied), in which it was held that similar testimony was admissible. If it could be said that there was error in the admission of said testimony in this case, we think it was harmless. Regardless of the finding of the jury on the issue of parol partition, appellees were entitled to a verdict under the findings of the jury that their mother had title to the land under and by virtue of the deed which had been executed and delivered to her in 1876 by Mary N. Clements. The testimony of which complaint is made related alone to the alleged parol partition. Further, the same testimony was in effect developed by appellants on their cross-examination of the witnesses M. Crump and Mrs. Cornelia Wortham, each of whom testified to the fact that Mrs. Mattie Clements Crump had told them that she had put $1,300 into the Sprague tract of land and that she claimed an interest therein.

█ Appellants further contend that the trial court committed error in permitting appellees to offer in evidence the original court papers in the suit filed in 1874 by Mary N. Clements against John P. Clements, wherein Mary N. Clements was claiming a large tract of land, including the 200-acre tract, as her property, and the amended pleadings filed in said cause in 1877, showing that the suit in so far as the 200 acres was concerned had been settled. On the former trial the court excluded this evidence, and this court upheld said action. The Supreme Court held that said testimony was admissible and that it was error for the trial court to exclude same from the jury. Said assignment is therefore overruled.

We have examined all of appellants' assignments of error, and same are overruled.

The judgment of the trial court is affirmed.

GALLAGHER, C. J., took no part in the consideration and disposition of this appeal.