ANDRESS et al. v. CRUMP et al.

No. 1308—5394.

Commission of Appeals of Texas, Section A.
June 28, 1930.

W. H. Jenkins, John B. McNamara, and James P. Alexander, all of Waco, for plaintiffs in error.

Bryan & Maxwell and Sam Dardnne, all of Waco, for defendants in error.

SHARP, J.

For a partial statement of the nature of this suit, we adopt the following from the opinion of the Court of Civil Appeals:

"This is the second appeal of this case. For former opinions, see Crump v. Andress, affirmed by this court 265 S. W. 1074, and reversed by the Supreme Court 278 S. W. 422. The suit involves the title to 200 acres of land which was originally claimed by J. P. Clements. In 1870 he married Mattie Martin, and they occupied the land as their homestead. To them were born three children. In October, 1875, J. P. Clements died, and his widow and children continued to occupy said 200 acres. At the time of J. P. Clements' death, a suit was pending in the district court of McLennan county by Mary N. Clements against J. P. Clements for a large tract of land which embraced the 200 acres. In January, 1876, this suit was compromised in so far as the 200 acres was affected, and Mary N. Clements executed a deed to same to Mattie Clements, wife of J. P. Clements, for a recited consideration of $400 paid, and said deed was promptly filed for record. In 1881, Mrs. Clements married T. B. Crump, and they lived on the land until 1888, when Mr. Crump died. There were born to Mr. and Mrs. T. B. Crump three children. In January, 1876, a 350-acre tract of land known as the Sprague tract was conveyed to the three children of J. P. Clements for the recited consideration of $3,800. About 1890, after the death of T. B. Crump, Mrs. Crump, with her six children, three by Clements and three by Crump, moved to the Sprague land, where she lived for about five years. In about 1896 she moved back to the 200-acre tract, and in 1898 she married her third husband, S. H. Crump. They lived on the 200 acres of land until 1920, and at that time she and S. H. Crump moved onto a tract owned by S. H. Crump. In 1921 Mrs. Crump conveyed the 200 acres to her son E. M. Crump. After said deed was executed, appellants, who are the heirs of the children of J. P. Clements, brought this suit, claiming that the property was the separate estate of J. P. Clements and that they, by reason of being his heirs, were entitled thereto."

This case was submitted to the jury upon special issues, and, based upon their findings, the trial court rendered a judgment in favor of the defendants in error. The case was appealed to the Court of Civil Appeals for the Tenth Supreme Judicial District and was affirmed. 12 S.W.(2d) 1077. A writ of error was granted.

The special issues submitted to the jury and their answers thereto are as follows:

"Special Issue No. 1: Did Mrs. Mattie Crump, at the time she moved off of the 200 acre tract on to the Sprague tract, or at any time while she was living on the Sprague tract, have the intention of not returning to and living on the 200 acre tract as her home? You will answer this 'yes' or 'no.'" To which the jury answered, "Yes."

"Special Issue No. 2: Did Mrs. Mattie Crump claim to hold possession of the 200 acres of land in controversy in her own right and name solely by purchase under the deed from Mrs. Mary N. Clements? Answer this 'yes' or 'no.'" To which the jury answered, "Yes."

"If you have answered Issue No. 2 'yes,' then you will answer Special Issues Nos. 3, 4 and 5, but if you have answered it 'no,' then you need not answer said issues."

"Special Issue No. 3: Was such claim on the part of Mrs. Mattie Crump, if any, brought to the knowledge, directly or indirectly, of Stella Clements or her heirs? Answer 'yes' or 'no.'" To which the jury answered, "Yes."

"Special Issue No. 4: Was such claim on the part of Mrs. Mattie Crump, if any, brought to the knowledge, directly or indirectly, of J. P. Clements, Jr., or his heirs? Answer 'yes' or 'no.'" To which the jury answered, "Yes."

"Special Issue No. 5: Was such claim on the part of Mrs. Mattie Crump, if any, brought to the knowledge, directly or indirectly, of T. E. Clements or his heirs? Answer 'yes' or 'no.'" To which the jury answered, "Yes."

"Special Issue No. 6: Was such claim, if any, of said Mrs. Mattie Crump, brought to the knowledge, directly or indirectly, of said Stella Clements or her heirs five years or more prior to June 13, 1922? Answer 'yes' or 'no.'" To which the jury answered, "Yes."

"Special Issue No. 7: Was such claim of said Mrs. Mattie Crump, if any, brought to the knowledge of J. P. Clements, Jr., or his heirs, directly or indirectly, five years or more prior to June 13, 1922? Answer 'Yes' or 'No.'" To which the jury answered, "Yes."

"Special Issue No. 8: Was such claim of said Mrs. Mattie Crump, if any, brought to the knowledge of T. E. Clements or his heirs, directly or indirectly, five years or more prior to June 13, 1922? Answer 'yes' or 'No.'" To which the jury answered, "Yes."

"Special Issue No. 9: Was such claim of Mrs. Mattie Crump, if any, brought to the knowledge of Stella Clements, or her heirs, directly or indirectly, ten years or more prior to June 13, 1922? Answer 'Yes' or 'No.'" To which the jury answered, "Yes."

"Special Issue No. 10: Was such claim of Mrs. Mattie Crump, if any, brought to the knowledge of J. P. Clements, Jr., or his heirs, directly or indirectly, ten years or more prior to June 13, 1922? Answer this 'yes' or 'no.'" To which the jury answered, "Yes."

"Special Issue No. 11: Was such claim of Mrs. Mattie Crump, if any, brought to the knowledge of T. E. Clements or his heirs, directly or indirectly, ten years or more prior to June 13, 1922? Answer 'yes' or 'no.'" To which the jury answered, "yes."

"Special Issue No. 12: Prior to her conveyance to Earl Crump, by deed dated August 15, 1921, of said 200 acres, did Mrs. Mattie Crump repudiate and abandon her homestead claim as the surviving widow of her first husband, J. P. Clements, to said 200 acre tract in controversy? Answer 'yes' or 'no.'" To which the jury answered, "Yes."

"If you have answered Issue No. 12 'no,' you need not answer No. 13, 14 and 15, but if you have answered it 'yes,' then you will answer."

"Special Issue No. 13: Did Stella Woodward, or her heirs, directly or indirectly have notice of such repudiation and abandonment by the said Mrs. Mattie Crump? If so, at what time did she, or they, receive such no-tice—that is, what year?" To which the jury answered, "1894."

"Special Issue No. 14: Did J. P. Clements, Jr., or his heirs, have notice directly or indirectly of such repudiation and abandonment by the said Mrs. Mattie Crump, if any? If so, at what time did he or they receive such notice?—that is, what year?" To which the jury answered, "1894."

"Special Issue No. 15: Did T. E. Clements, or his heirs, have notice directly or indirectly of such repudiation and abandonment by the said Mrs. Mattie Crump, if any? If so, at what time did he or they receive such notice? that is, what year?" To which the jury answered, "1894."

"Special Issue No. 16: Did Mrs. Mattie Crump have any agreement or understanding with Stella Clements, J. P. Clements, Jr., and T. E. Clements, at the time the 350 acre Sprague tract of land was partitioned—that is divided (among the said Clements children) —that she was surrendering any rights or interest that she had in said 350 acre tract to them, and that they, the said Stella Clements, J. P. Clements, Jr., and T. E. Clements, were surrendering to her any right or interest they claimed in the 200 acre tract which is now in controversy? Answer 'yes' or 'no.'" To which the jury answered, "Yes."

"Special Issue No. 17: What is the reasonable rental value of the 200 acres of land in controversy from June 13, 1922, to the present time?" To which the jury answered, "$3200.00."

The record further discloses that a partition of the Sprague 350-acre tract was made between the three children of J. P. Clements during the year 1894, and that they executed deeds to each other for their respective portions thereof.

Plaintiffs in error contend that the Court of Civil Appeals erred in holding as follows:

(a) That Mrs. Mattie Crump acquired title to the property in question by limitation through her adverse claim thereto, because the evidence shows that the property was the homestead of Mrs. Mattie Crump and she was entitled to the exclusive possession thereof as against the plaintiffs in error, the remaindermen, and Mrs. Mattie Crump could not have started the statute of limitation running in her favor as against such remaindermen by asserting an adverse title thereto, and that it was error to hold that she did not acquire title to the property by limitation.

(b) The court erred in refusing to hold that the trial court erred in submitting to the jury special issue No. 2, because the evidence shows that the land in controversy was the separate property of J. P. Clements, the husband of Mrs. Mattie Crump, and was occupied by them at the date of his death, as their homestead, and that she continued to use the land as a

homestead until she conveyed same to Earl Crump, by deed dated August 15, 1921, and because the heirs of J. P. Clements had no right to the possession of the land or right of action for the possession of same during the life time of Mrs. Mattie Crump, or so long as she elected to occupy same as a homestead, and because any claim Mrs. Mattie Crump may have made to the land under the deed to her from Mrs. Mary N. Clements did not constitute a repudiation and abandonment of her homestead rights under her deceased husband, J. P. Clements, or entitle the heirs of J. P. Clements to possession thereof or give to them a right of action for the recovery of the possession of the land so long as she continued to use and occupy same as a homestead.

(c) That the court erred in holding that the trial court did not err in submitting to the jury special issue No. 16, because there was no evidence showing or tending to show such understanding or agreement or that the evidence showed that there was any such relation of tenancy in common as to the 200-acre tract between Mrs. Mattie Crump and her three children as would sustain a parol partition, and that such agreement, if made, was void under the Statute of Frauds, and that there was no evidence showing that Mrs. Mattie Crump had any title to the 350-acre tract, but that she was the guardian of the person and estate of her three minor children, when the deed for the 350-acre tract was made to them, and if any of the purchase price was paid with her money, the law would presume it a gift to them.

(d) The court erred in holding that there was sufficient evidence to show a parol partition of the land between Mrs. Mattie Crump and the children of J. P. Clements, because the evidence shows that whatever agreement was had, the same was oral, and that the parties to the agreement, if any, were not tenants in common of the land partitioned, but that the two tracts were separate and distinct from each other and the attempted exchange of the respective interests in the land was in violation of the Statute of Frauds.

(e) That the court erred in holding that the trial court properly admitted in evidence the original and amended petitions, charge of the court, and the judgment in cause No. 2544, styled Mary N. Clements v. Jno. P. Clements, filed in the district court of McLennan county.

In view of the answers of the jury to the foregoing special issues, copied herein, and upon the authority of Crump v. Andress et al. (Com. App.) 278 S. W. 422, which opinion was adopted and entered as the judgment of the Supreme Court, we overrule the contentions above stated.

Counsel for plaintiffs in error, by proper assignments, contend that the trial court committed error in permitting the witnesses, Steve Crump, E. M. Crump, and F. W. Crump, to testify to statements made to them by Mrs. Mattie Crump, to the effect that she had put $1,300 of her money into the Sprague 350-acre tract of land, and that she owned that much interest therein. It is also contended that the trial court erred in permitting the witness, J. F. Cobb, to testify that in the last talk that he had with Mrs. Mattie Crump, which was in the year 1922, that she stated to him that a part of her insurance money was used in buying the Sprague tract of land. It is shown that this suit was filed in the year 1921, and Mrs. Mattie Crump was a party thereto up to the time of her death; that the conversation took place after the suit was filed and after she had sold the land in controversy and delivered possession thereof. The jury found that Mrs. Mattie Crump made a parol agreement with plaintiffs in error by which she exchanged her interest in the Sprague tract of land for their interest in the land in question. Counsel for defendants in error, in reply thereto, contend:

"Since the testimony was introduced solely on the issue of parol partition and to show only that she was claiming an interest, it was admissible to show the character of her claim and the facts upon which it was based.

"In addition, the record shows that these statements were made prior to the partition and at the partition; therefore we think it was admissible as res gestae. This is not true of the witness Cobb, yet in view of similar testimony which was admissible as res gestae, we do not think his was prejudicial."

If it can be said that the testimony developed from the other witnesses without objection was to the effect that Mrs. Mattie Crump had put $1,300 of her money in the Sprague tract was res gestæ and was made prior to or at the time of the parol partition of the land with the Clements children, and that it is harmless, we are of the opinion that it does not cure the objection made to the testimony of the witness, J. F. Cobb. It is impossible to say upon whose testimony the jury based their findings. At the time Mrs. Mattie Crump made this statement, she was not under oath and no opportunity was given to cross-examine her. Such a statement was clearly hearsay and self-serving and evidently was made for the purpose of supporting her title to the land in question.

We are of the opinion that, in view of this entire record, the testimony of J. F. Cobb, under the circumstances under which it was admitted, would have a strong influence with the jury, and such testimony was prejudicial to the rights of plaintiffs in error and clearly inadmissible. Gilbert v. Odum, 69 Tex. 670, 7 S. W. 510; Jamison v. Dooley, 98 Tex. 206, 82 S. W. 780; Snow v. Starr, 75 Tex. 411, 12 S. W. 673; Sabinal National Bank v. Cunningham (Tex. Civ. App.) 256 S. W. 317; Warren et al. v. Humphreys (Tex. Civ. App.) 274 S. W. 250.

The record further discloses that other testimony of the same nature, which is objectionable under the foregoing rule, was introduced in evidence, and we suggest, upon another trial, if objected to, that it be excluded.

We therefore recommend that the judgment of the Court of Civil Appeals and of the trial court should be reversed, and that this cause be remanded to the trial court for another trial.

CURETON, J.

Judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.