LA BRIER et al. v. WILLIAMS.

No. 11827.

Court of Civil Appeals of Texas. San Antonio.

June 16, 1948.

See also 212 S.W.2d 827.

T. H. Burruss, of Corpus Christi, for appellants.

D. J. Wilson, of Galveston, for appellee.

SMITH, Chief Justice.

Appellant Laura Huff LaBrier, joined by her husband, sued her stepfather, Walter C. Williams, for partition of a house and lot in the City of Corpus Christi, Texas. Judgment was rendered against her upon the theory that the property could not be partitioned at the present time because of the provisions of the Constitution of Texas. Trial was to the court without a jury. No findings of fact and conclusions of law were requested.

Appellant's two points are as follows:

(1) "The Court erred in holding as a matter of law, under the facts, that the property in question is the homestead of . Walter C. Williams, defendant, because the defendant removed from the property in 1942 and he could claim homestead rights therein only through a continuing intent to return thereto and the continuity of that intention, if any he ever had, was necessarily broken when he decided to sell the property and offered it for sale, which he admitted; as well as by his failure to make necessary repairs and his failure to exterminate the termites which he admitted infest the building.

(2) "The Court erred in refusing to hold that the defendant, by his acts in collecting the rent but refusing to make repairs, permitting the continued destruction of the property by termites and attempting to sell the entire property, had estopped himself from asserting that he had intended at all times since his removal to return and make it his home."

The evidence discloses that appellant's mother and appellee, Williams, were married in 1925 and lived together until the death of the wife in 1938. The property here involved was purchased by this community, although the greater part of the consideration was paid after 1938.

Appellant's mother left no will and as the sole surviving child Laura Huff LaBrier inherited an undivided one-half interest in the property, subject to the homestead right of the surviving husband.

In 1940 Williams remarried and continued to live in the house with his second wife, until about January 1, 1942, when he left Corpus Christi upon being transferred by his employer, Lykes Brothers Steamship Company. Since then Williams resided in Galveston, Houston, New Orleans and St. Charles, Puerto Rico. At the time of the trial, Williams was still employed by Lykes Brothers and was residing in Galveston, Texas. At one time, for a fifteen-day peri-

od in 1944 or 1945, Williams offered the place for sale. Upon the trial, however, Williams maintained that he had at all times maintained the intention of returning to Corpus Christi and re-occupying the premises involved as his home. He maintained that his absence from Corpus Christi was brought about originally by war conditions; that the shipping business had been his life-long occupation and he naturally had to go to the places he was sent by his employer or give up his job. Nevertheless, he considered Corpus Christi his home and had always intended to return there.

There was testimony that Williams maintained the place in a good state of repair while he resided there, but that since he had been living in Galveston and elsewhere he had permitted the house to fall into a state of disrepair and become infested with termites. However, there was conflict in the evidence relating to these matters.

The issue raised by appellant's points is one of abandonment of homestead. Article 16, § 52, of the Constitution, Vernon's Ann. St., reads as follows:

"Sec. 52. On the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution, but it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted, under the order of the proper court having the jurisdiction, to use and occupy the same."

■ While the homestead right of a survivor may be lost by abandonment, we are of the opinion that the evidence in this case does not conclusively establish abandonment as a matter of law. It is the province of the trial court to decide issues raised by conflicting evidence, and we must presume such issues were decided favorably to the judgment.

■ The fact that the property was offered for sale at one time, while Williams was living elsewhere, is not conclusive proof of abandonment. C. Aultman & Co. v. Allen, 12 Tex.Civ.App. 227, 33 S.W. 679; Thigpen v. Russell, 55 Tex.Civ.App., 211, 118 S.W. 1080; Perkins v. Perkins, Tex. Civ.App., 166 S.W. 915.

■ In Armstrong v. Neville, Tex.Civ. App., 117 S.W. 1010, 1012, Judge Fly, speaking for this Court, said:

"To constitute an 'abandonment' of the homestead, it must affirmatively appear that there was not only a removal from the home, but a removal coupled with an intention never to return. No length of time of absence from a homestead will constitute an abandonment, although an absence may be continued for so long and under such circumstances as to authorize the conclusion that no intention to return and occupy the homestead existed."

See also, Foreman v. Meroney, 62 Tex. 723.

■ Appellant's points are overruled.

■ Appellee presents a cross-point which is limited by a request for a reformation of the judgment rather than a prayer for a reversal of the judgment and a remand of the case. In order to sustain the point, which involves a balancing of equities between the parties, the facts supporting the reformation prayed for would have to be proved by undisputed evidence, that is, established as a matter of law. In our opinion such showing is not made by the record. The cross-point is therefore overruled. For the rules applicable to an accounting and balancing of equities between heirs and a survivor holding a homestead right, see Sargeant v. Sargeant, 118 Tex. 343, 15 S.W.2d 589.

The judgment appealed from is in all things affirmed.