**W. E. HILTON et al., Appellants,**

**v.**

**HADEN ASSOCIATES, INC., Appellee.**

**No. 17135.**

Court of Civil Appeals of Texas,
Fort Worth.

Oct. 9, 1970.

Simon & Simon, and Robert M. Doby, Jr., and W. Weir Wilson, Fort Worth, for W. E. Hilton.

Stone, Tilley, Parker, Snakard, Law & Brown, Fort Worth, for Reliance Insurance Co.

Ed M. Brown, Dallas, for appellee.

OPINION

LANGDON, Justice.

This action under Article 5160, Vernon's Ann.Civ.St., is one to recover from the

appellants, W. E. Hilton and Reliance Insurance Company, jointly and severally, for labor and material furnished by the appellee in the prosecution of work performed under a contract. The suit is for the amount due on the balance thereof unpaid at the time of filing the claim or of the institution of the suit. Reliance Insurance Company is surety on Hilton's payment bond. It has not filed its brief in this cause.

The case was tried to the court without a jury and the court in response to the request of the appellant, Hilton, made and filed "Findings of Fact" and "Conclusions of Law."

The appeal is from the judgment of the court based upon such findings and conclusions.

We affirm.

In order to clarify the issues involved in the trial court and on this appeal the "Findings of Fact" and "Conclusions of Law" filed by the trial court are set forth in full in the paragraphs next following.

## "FINDINGS OF FACT

"1. Plaintiff, Haden Associates, Inc., is a Texas corporation, whose president is Dennis R. Haden. Defendant, Reliance Insurance Company (herein called 'Reliance') is an insurance company authorized to do business in the State of Texas. Defendant, W. E. Hilton (herein called 'Hilton') is an individual who resides in the State of Texas and who does business as W. E. Hilton Construction Co.

"2. On April 3, 1967, Defendant Hilton entered into a contract with the Jack County Hospital Board, Jacksboro, Jack County, Texas, to act as general contractor to construct a 50 bed addition to the Jack County Hospital.

"3. On or about April 4, 1967, Defendant Hilton, as principal, and Defendant Reliance as surety, executed a 'Labor and Material Payment Bond' to Jacksboro County Hospital, Jacksboro, Texas, as obligee, for the use and benefit of claimants as therein defined, in the amount of Two Hundred Ninety-Six Thousand Nine Hundred Ninety and No/100 ($296,990.00).

"4. On March 19, 1968, Defendant Hilton entered into a written agreement with Plaintiff Haden Associates, Inc., calling for furnishing and installing vinyl wall covering 'as per color schedule' on the Jack County Hospital job for the consideration of $3,576.00.

"5. On or about May 21, 1968, in accordance with the agreement, Haden Associates, Inc., purchased for the account of Defendant Hilton for use on the Jack County Hospital Addition, all of the vinyl wall covering material, which was in conformity with the plans and specifications and contract documents for such job, necessary to complete wall covering of the specified areas in the Jack County Hospital Addition.

"6. The vinyl wall covering material purchased by Plaintiff Haden Associates, Inc. for the Jack County Hospital pursuant to the agreement with Defendant Hilton, was a specially fabricated material.

"7. On account of many delays on the project caused by Defendant Hilton, Plaintiff Haden Associates, Inc. was not permitted to install the said vinyl wall covering material at the Jack County Hospital Addition until late in the year of 1968.

"8. Beginning approximately November 18, 1968, and ending approximately December 12, 1968, in accordance with the agreement between Plaintiff Haden Associates, Inc. and Defendant Hilton, Haden Associates, Inc. furnished and installed at the Jack County Hospital Addition 60 percent of the labor and specially fabricated vinyl wall materials called for in such agreement.

"9. Since December 12, 1968, Defendant Hilton has refused to permit Plaintiff Haden Associates, Inc. to complete the installation of the vinyl wall covering material already purchased by Plaintiff Haden

Associates, Inc. for the Jack County Hospital project.

"10. Since December 12, 1968, Plaintiff Haden Associates, Inc. has been ready, willing and able to complete installation of the said vinyl wall covering materials at the Jack County Hospital Addition in accordance with its agreement with defendant Hilton.

"11. On or about December 20, 1968, Defendant Hilton physically removed himself, his men and equipment, and his telephone from the Jack County Hospital Addition job site. He did not return within a reasonable period of time and has no reasonable expectation of being able to return to the job.

"12. As of December 12, 1968, Plaintiff Haden Associates, Inc. had furnished and installed at the Jack County Hospital Addition in an acceptable manner 60 percent, or $2145.00 in dollar value under the agreement with defendant Hilton, of the labor and vinyl wall covering materials called for in such agreement.

"13. The reasonable cost to plaintiff of completing the furnishing and installing of such material at the Jack County Hospital *Addition in accordance with such agreement* was $1,431.00.

"14. In February of 1969, Plaintiff Haden Associates, Inc. made demands on Defendant Hilton for payment of $2,145.00 for its completed work on the Jack County Hospital Addition.

"15. J. B. Erwin, the architect on the Jack County Hospital Addition project, approved for payment plaintiff's demand to Hilton for $2,145.00 for 60 percent of the work completed by plaintiff on such project.

"16. The Defendant Hilton has wholly failed and refused to pay such demand or any part thereof.

"17. The reasonable cost to Plaintiff Haden Associates, Inc. for the specially fabricated materials purchased for the Jack County job and left unused is $400.00.

"18. Such material left unused can be *sold for $100.00, which is its fair salvage value.*

"19. As a result of not being permitted to install such materials on the job, Plaintiff Haden Associates, Inc. has suffered a loss of $300.00.

"20. In February of 1969, Plaintiff Haden Associates, Inc. made demands on defendant Hilton for payment of the $300.-00.

"21. Defendant Hilton has wholly failed and refused to pay such demands or any part thereof.

"22. Plaintiff Haden Associates, Inc. was a subcontractor supplying labor and materials on the Jack County Hospital Addition project and as such was a 'claimant' as defined in the 'Labor and Material Payment Bond' executed by defendant Reliance as surety.

"23. In February of 1969 Plaintiff Haden Associates, Inc. made demands on Defendant Reliance for payment of the $2145.00 for labor and materials furnished to and the $300.00 for loss on the specially fabricated materials purchased for the Jack County Hospital Addition project.

"24. Defendant Reliance has wholly failed and refused to pay such demands or any part thereof.

"25. Plaintiff Haden Associates, Inc. gave by certified mail to each of Defendants Hilton and Reliance within 90 days after the 10th day of the month next following the month in which the labor was done and the vinyl wall covering materials furnished on the Jack County Hospital job, written notices of its claim (accounts) for $2,445.00 accompanied by a sworn statement of its account for such amount stating that the amount claimed was just and correct and that all just and lawful offsets, payments, and credits known to it had been allowed, including attached thereto a true copy of the agreement of March 19, 1968,

and advising the value of the partial (60 percent) completion thereof.

"26. Such notices and sworn statements together with the exhibits were received by each of Defendants Hilton and Reliance.

"27. More than sixty days have elapsed since the furnishing of such notices and sworn statements to Defendants Hilton and Reliance, without payment of the account of plaintiff stated therein.

"28. Because of the refusal of Defendant Hilton to pay its account, it was necessary for plaintiff to employ attorneys to present his claim.

"29. Plaintiff has employed the firm of Carrington, Johnson & Stephens to present its claims for labor due and material furnished on the Jack County Hospital Addition job and agreed to pay such firm a reasonable attorneys' fee in connection therewith.

"30. The amount of a reasonable attorneys' fee in this State for the services of an attorney in presenting plaintiff's claim, through the trial of this proceeding is $1,200.00.

"31. The amount of a reasonable attorneys' fee in this State for the services of an attorney in representing plaintiff in the event of an appeal by Defendant Hilton, is an additional $500.00, conditioned on such appeal.

## "CONCLUSIONS OF LAW

"1. Plaintiff Haden Associates, Inc. is entitled to recover of and from Defendant W. E. Hilton the sum of $2,445.00, plus interest on such sum from December 20, 1968, at the rate of 6 percent per annum until paid, plus all taxable costs.

"2. Plaintiff Haden Associates, Inc., a subcontractor, complied in full with the provisions of Article 5160, Tex.Rev.Civ.Stat.

"3. Plaintiff Haden Associates, Inc. is entitled to recover of and from Defendant Reliance Insurance Co., jointly and severally, under its 'Labor and Material Payments Bond' and under the provisions of Article 5160, Tex.Rev.Civ.Stat. the sum of $2,445.-00, plus interest on such sum from December 20, 1968, at the rate of 6 percent per annum until paid, plus all taxable costs.

"4. Plaintiff Haden Associates, Inc. is entitled to recover of and from Defendant W. E. Hilton under Article 2226, Tex.Rev.Civ.Stat., the additional sum of $1,200.00 as reasonable attorneys' fees incurred by plaintiff through the trial of this matter, plus an additional $500.00 as reasonable attorneys' fees conditioned on appeal, with legal interest on the additional $1,200.00 amount from February 23, 1970, until paid.

"5. Defendant and cross-plaintiff Reliance Insurance Co. is entitled to recover over against Defendant W. E. Hilton any sums of money, not exceeding the total amount of recovery awarded Plaintiff Haden Associates, Inc. excluding reasonable attorneys' fees, it pays to plaintiff, plus such costs as it may pay herein."

Article 5160, Paragraph B, as amended by Acts 1969, 61st Leg., p. 1390, ch. 422, Sec. 1, emerg. eff. June 2, 1969, provides in part that:

"B. Every claimant who has furnished labor or material in the prosecution of the work provided for in such contract in which a Payment Bond is furnished as required hereinabove, and who has not been paid in full therefor, shall have the right, if his claim remains unpaid after the expiration of sixty (60) days after the filing of the claim as herein required, to sue the principal and the surety or sureties on the Payment Bond jointly or severally for the amount due on the balance thereof unpaid at the time of filing the claim or of the institution of the suit plus reasonable attorneys' fees; provided:

"(a) Notices Required for Unpaid Bills, other than notices solely for Retainages as hereinafter described.

"Such claimant shall have given within ninety (90) days after the 10th day of the month next following each month in

which the labor was done or performed, in whole or in part, or material was delivered, in whole or in part, for which such claim is made, written notices of the claim by certified or registered mail, addressed to the prime contractor at his last known business address, or at his residence, and to the surety or sureties. Such notices shall be accompanied by a sworn statement of account stating in substance that the amount claimed is just and correct and that all just and lawful offsets, payments, and credits known to the affiant have been allowed. Such statement of account shall include therein the amount of any retainage or retainages applicable to the account that have not become due by virtue of terms of the contract between the claimant and the prime contractor or between the claimant and a subcontractor. *When the claim is based on a written agreement, the claimant shall have the option to enclose, with the sworn statement of account, as such notice a true copy of such agreement and advising completion or value of partial completion of same.* (Emphasis ours.)

And Article 5160, Paragraph C(b) (2) provides:

"(2) Material specially fabricated on the order of the Prime Contractor or of a subcontractor for use as a component part of said public building, or other public work so as to be reasonably unsuitable for use elsewhere, even though such material has not been delivered or incorporated into the public building or public work, but in such event only to the extent of its reasonable costs, less its fair salvage value, and only to the extent that such specially fabricated material is in conformity and compliance with the plans, specifications, and contract documents for same."

■ The original petition filed by the appellee contained all of the ingredients required of a pleading under Article 5160, supra. Since there is an absence of any special exceptions to such pleading any defect therein was waived under Rule 90,

Texas Rules of Civil Procedure. The appellee proved the allegations contained in its pleadings without objection on the part of the appellant, Hilton, thus the issues involved were tried by implied consent under Rule 67, T.R.C.P.

In so far as we are able to determine from a full review of the record before us the appellant, Hilton, has at most objected or excepted to only two of the findings of fact (Nos. 9 and 12) filed by the court and has not otherwise questioned the remaining findings of the court. The findings which have been questioned or otherwise complained of are not essential or required to support the judgment of the trial court. Further the complaint against them is without merit.

■ There remains findings and conclusions which have not been complained of to the effect that the appellee "complied in full with the provisions of Article 5160, Tex.Rev.Civ.Stat." and "is entitled to recover * * * under the provision of Art. 5160, Tex.Rev.Civ.Stat. the sum of $2,445.00 plus interest. * * *" This holding of the trial court and the findings upon which it is based stands unchallenged. The judgment of the court is fully supported by such holding. Midway National Bank of Grand Prairie, Texas v. West Texas Wholesale Supply Company, 453 S.W.2d 460 (Tex.Sup., 1970).

Without further discussion thereof we overrule appellant's first three points of error.

We are further of the opinion that there is ample evidence in the record to support all of the findings of fact and conclusions of law filed by the trial court.

"It is the established law in this state that where a case has been tried without a jury and there was ample evidence in the record to support the findings of the trial court, such findings have the same force and effect as a verdict of the jury on the facts found, and a reviewing court must affirm the trial court's judgment in

the absence of other substantial error. O'Connell v. Johnson, Tex.Civ.App., 122 S.W.2d 649, error refused; New Amsterdam Casualty Co. v. First National Bank, Tex.Civ.App., 134 S.W.2d 470; Guerrero v. United States Fidelity & Guaranty Co., Tex.Civ.App., 101 S.W.2d 592; 3 Tex.Jur. pp. 1104, 1125, 1143." Carpenters and Joiners Union, etc. v. Ritter's Cafe, 149 S.W.2d 694 (Galveston Tex.Civ.App., 1941 error ref.). To the same effect see Dixie Distributors v. Lane, 211 S.W.2d 581 (Galveston Tex.Civ.App., 1948, ref., n.r.e.). See also 58 Tex.Jur.2d 168, § 76, under the heading, "Sufficiency; Degree of proof."

■ We next consider the fourth and final point of error concerning the court's allowance of attorney's fees. It is contended that such allowance was improper because the written contract contained no provision for attorney's fees.

Prior to the amendment of the McGregor Act, Article 5160, V.A.C.S., a claimant seeking to recover attorney's fees in a suit brought to collect the balance due him for labor done and materials furnished by him was confined to two remedies:

(1) A provision relating to the payment of attorney's fees could be embodied in the contract between the parties;

(2) Absent such a provision in the contract an award of attorney's fees could not stand unless authorized by Art. 2226, V.A. C.S., which under the decisions is very narrow in scope.

In Tenneco Oil Company v. Padre Drilling Company, 453 S.W.2d 814 (Tex.Sup., 1970), in describing the purpose and scope of Art. 2226, V.A.C.S., the court said: " * * * we are convinced that it was intended to apply only to claims for personal services rendered, labor done or materials furnished by the claimant for or to the person or corporation against which the claim was asserted." (p. 819)

After the phrases, "personal services" and labor done" were discussed and defined

in Tenneco the court further said: "It should also be self-evident at this point that a corporation cannot have a claim for 'personal services rendered' or for 'labor done' within the meaning of Art. 2226." (p. 820) But said the court: "Corporations can be the owners of claims for material furnished so as to be entitled to attorney fees under Art. 2226." (p. 821)

It was pointed out in New Amsterdam Casualty Co. v. Texas Industries, Inc., 414 S.W.2d 914 (Tex.Sup., 1967) that Art. 5160 provides no recovery of attorney's fees in event of suit against the principal and surety on the payment bond which at the time was, "in contrast to explicit provisions for the recovery of attorney's fees in the somewhat related lien bond statutes, Articles 5472b–1, 5472c, 4a and Article 5472d, subd. 6."

The same "explicit provisions" are now contained in Art. 5160, supra, and provide a third remedy to obtain an award of attorney's fees in cases of this nature.

Article 5160, Par. B, as amended effective June 2, 1969, reads: "Every *claimant* who has *furnished labor or material* in the prosecution of the work provided for in such contract * * * *shall* have the right * * * to sue the principal and the surety or sureties * * * jointly or severally for the amount due on the balance thereof unpaid *at the time of filing the claim or of the institution of the suit* plus reasonable attorneys' fees; * * *." (Emphasis ours.)

Article 2226, supra, in part states that: "Any person having a valid claim against a person or corporation for *personal services rendered, labor done, material furnished* * * * may also recover, in addition to his claim and costs, a reasonable amount as attorney's fees, if represented by an attorney." (Emphasis ours.)

In comparing the wording of the two statutes it will be observed that the language employed in Art. 5160 is much broader in its scope. It speaks not of per-

sonal services rendered and labor done but of labor furnished.

A "claimant" as defined in Art. 5160, Par. C, includes a corporation. Thus a corporation may now have a claim for labor furnished as well as for material furnished. The claimant corporation in the case at bar is not limited to a claim for material furnished as it would be under Art. 2226 and the holding in the Tenneco case, supra.

We find and hold that the amended provisions of Art. 5160, effective June 2, 1969, are applicable to this suit filed on June 4, 1969, because of the language employed therein. We also hold that appellee made out a case under that statute for the recovery of the attorney's fees in question.

No judgment for attorney's fees was sought against the surety and none were allowed.

We overrule appellant's point 4 attacking the award of attorney's fees in this cause and affirm the judgment of the trial court.

Affirmed.